J S -6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2425 JGB (SHKx)** | Date | February 25, 2021 |
|---|---|---|---|
| Title | ***Theresa Brooke v. Blue Sky Hospitality Investment Inc.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 13); and (2) VACATING the March 1, 2021 Hearing (IN CHAMBERS)**

Before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Blue Sky Hospitality Investment Inc. ("Motion," Dkt. No. 13.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS Defendant's Motion. The March 1, 2021 hearing is VACATED.

## I.  BACKGROUND

On November 19, 2020, Plaintiff Theresa Brooke filed a complaint against Defendant. ("Complaint," Dkt. No. 1.) Plaintiff amended her Complaint as of right, filing a First Amended Complaint on December 17, 2020. ("FAC," Dkt. No. 9.) The FAC alleges 2 causes of action: (1) Violation of the Americans with Disabilities Act, 42 U.S.C. § 12182(a); and (2) Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 52. (See FAC.) Plaintiff seeks a declaratory judgment that Defendant was in violation of the Unruh Act, a permanent injunction directing Defendant to modify its passenger loading zone, attorneys' fees, and $4,000.00 in damages. (Id.)

On February 1, 2021, Defendant filed this Motion.  (<u>See</u> Motion.)  In support of the Motion, Defendant also filed a request for judicial notice.  (Dkt. No. 13-3.)[1]  Plaintiff filed her Opposition the same day.  ("Opposition," Dkt. No. 14.)

## II.   FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion.

Plaintiff Teresa Brooke is disabled and uses a wheelchair to ambulate.  (FAC ¶ 1.) Defendant owns and/or operates the Best Western Inn at Palm Springs, (the "Best Western Inn,") located at 1633 South Palm Canyon Drive in Palm Springs, California.  (<u>Id.</u> ¶ 2.)  The Best Western Inn is a hotel and place of public accommodation.  (<u>Id.</u>)

In "mid-October and mid-November 2020," Plaintiff visited the Best Western Inn for the purpose of leisure travel and to test its accessibility.  (<u>Id.</u> ¶¶ 9-10.)  Upon pulling up to the pickup and drop-off area at the entrance of the Best Western Inn, Plaintiff observed two architectural barriers: first, that "Defendant's hotel has stairs to enter the main lobby entrance [with] no clear signage directing a disabled person in a wheelchair;" and second, that the passenger loading zone at the entrance to the hotel did not have an access aisle.  (<u>Id.</u>)

Plaintiff intends to visit the Palm Springs area again.  (<u>Id.</u> ¶ 15.)

## III.   LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(1) motion challenges the court's subject matter jurisdiction, without which, a federal district court cannot adjudicate the case before it.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994).  Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence."  <u>Sierra v. Dep't. of Family and Children Servs.</u>, 2016 WL 3751954, at *3 (C.D. Cal. Feb. 26, 2016) (quoting <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003)).  Thus, a jurisdictional challenge can be either facial or factual.  <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  When

---

[1] Defendant requests judicial notice of: (1) A list of prior cases filed by Plaintiff; (2) Plaintiff's Complaint in <u>Brooke v. Blue Sky Hospitality Investment, Inc.</u>, Case No. 5:16-cv-00941-VAP-KK (C.D. Cal. May 9, 2016) ("Blue Sky I"); (3) A Settlement Agreement between Plaintiff and Defendant; and (4) Plaintiff's Voluntary Dismissal with Prejudice from <u>Blue Sky I</u>. The Court takes judicial notice of (1) (2) and (4), which are matters of the public record.  The Court also finds that the <u>Blue Sky I</u> Complaint and Voluntary Dismissal adequately establish res judicata, and thus declines to decide whether judicial notice of the parties' prior settlement agreement is proper.

evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true. Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma, 644 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009).

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.   DISCUSSION

This Order will sound familiar to the parties, with good reason. Plaintiff Theresa Brooke has sued Defendant Big Sky Hospitality Investment Inc. for ADA and Unruh Act violations at a number of hotels in the Palm Springs area. This case represents Plaintiff's second time suing Defendant for architectural barriers at the Best Western Inn at Palm Springs. See Brooke v. Blue Sky Hospitality Investment, Inc., Case No. 5:16-cv-00941-VAP-KK (C.D. Cal. May 9, 2016) ("Blue Sky I").

Accordingly, Defendant moves to dismiss Plaintiff's FAC on collateral estoppel and res judicata grounds.  (Motion at 1.)  Defendant cites <u>Blue Sky I</u>, which was dismissed with prejudice on May 29, 2016.  (<u>Id.</u>)  <u>Blue Sky I</u> concerned whether the Best Western Inn had a pool and/or jacuzzi lift.

Defendant also cites another pair of cases—the JSC duo.  Plaintiff sued Defendant for violations of the ADA and Unruh Act for architectural barriers at another hotel in <u>Brooke v. JSC Hospitality Investment, Inc.</u>, Case No. 5:16-cv-00830-JFW-GJS (C.D. Cal. April 27, 2016) ("JSC I").  That case was dismissed with prejudice after the parties settled multiple suits, including Blue Sky I.  In <u>Brooke v. JSC Hospitality Investment Inc.</u>, No. 20-2429 JGB (SPx), 2021 U.S. Dist. LEXIS 12474 (C.D. Cal. Jan. 22, 2021) ("JSC II"), Plaintiff attempted to revive <u>JSC I</u>, but the Court dismissed <u>JSC II</u> on res judicata grounds.  The Court will do the same here.

## A.    Res Judicata

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  <u>Headwaters Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047, 1051 (9th Cir. 2005).  "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  <u>Id.</u> at 1052 (quoting <u>Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1077 (9th Cir. 2003)).

### 1.    Identity of Claims

A court must weigh four factors in order to determine whether there is an identity of claims for purposes of res judicata: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing <u>United States v. Liquidators of European Fed. Credit Bank</u>, 630 F.3d 1139, 1150 (9th Cir. 2011)).  "The fourth criterion is the most important."  <u>Id.</u>  "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised <u>or could have been raised</u> in a prior action."  <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (internal citations omitted) (emphasis in original).

Both <u>Blue Sky I</u> and this case, <u>Blue Sky II</u>, concern the same right: Plaintiff's right to enjoy the Best Western Inn free of architectural barriers which constitute disability discrimination.  Defendant is also correct that substantially the same evidence would be assessed in both actions—the report of an ADA expert investigator tasked with discovering violations of the statute.  (Motion at 6.)  And though <u>Blue Sky I</u> and <u>Blue Sky II</u> arise out of different interactions with the Best Western Inn and concern different aspects of the hotel's accessibility,

the relevant inquiry is whether Plaintiff <u>could have</u> raised her allegations in a prior action.  It is
clear she could have.

### 2.  Final Judgment on the Merits

"[D]ismissal of action with prejudice pursuant to a settlement agreement constitutes a
final judgment on merits and precludes parties from reasserting the same claim in a subsequent
action."  <u>Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare &
Training Tr. Funds v. Karr</u>, 994 F.2d 1426, 1429 (9th Cir. 1993).  <u>Blue Sky I</u> was dismissed with
prejudice, constituting a final judgment on the merits for res judicata cases.

### 3.  Privity Between Parties

The parties in both <u>Blue Sky I</u> and <u>Blue Sky II</u> are identical.  The Court therefore finds
that Defendant has established the elements necessary for a finding of res judicata.  The Court
need not analyze Defendant's other claims.

## V.    CONCLUSION

For the reasons above, the Court GRANTS Defendant's Motion.  Plaintiff's FAC is
DISMISSED WITH PREJUDICE.  The March 1, 2021 hearing is VACATED.


**IT IS SO ORDERED.**